UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOHN UNDERHILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause Number: 1:05-CV-196-TS |
| ) | |
| CSX TRANSPORTATION, INC., ) | |
| a corporation, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

The Plaintiff, John Underhill, sued his former employer, Defendant CSX Transportation, Inc., to recover damages allegedly caused by a work related injury. He advanced three claims under three federal statutes: Federal Employee's Liability Act, 45 U.S.C. §§ 51–60; Federal Safety Appliance Act, 49 U.S.C. § 20302(a)(1)(B); and Locomotive Safety Act, 49 U.S.C. § 20701. The case was tried before jury, who found for the Defendant on the first and third claims, and for the Plaintiff on the second claim. The jury awarded him $75,000 in damages, significantly less than what he claimed.

At the conclusion of trial, both parties moved under Federal Rule of Civil Procedure 50 for a directed verdict. Rule 50 allows a court to enter judgment as a matter of law when the motion is first offered or to reserve judgment on the motion until after a jury has returned its verdict. The Court reserved judgment on the Defendant's motions and submitted the case to the jury. The Court will now address the parties' motions.

**A.     Trial Evidence**

At trial, the parties presented the following evidence:[1] From January 1979 until July 2004, the Plaintiff worked for the Defendant as an engineer. Beginning in 1999, the Plaintiff drove a locomotive from Garrett to Cleveland and back. In July 2004, the Plaintiff exercised his seniority rights to work only at the Garrett facility. On July 13, the Plaintiff serviced Locomotive 1507. He separated it from another locomotive and began setting its ratchet-type handbrake. While he was setting the handbrake, it unexpectedly slipped and caused him to arch his back. He felt a twinge in his back but did not think that he was seriously injured. He continued to work throughout the remainder of the day. He also came to work the next day and, although he felt sore, he performed his job duties.

However, the following morning, he felt severe back pain and called in sick. His wife took him to a doctor. On July 16, the Plaintiff spoke with his superiors at work about his condition. He did not tell them that his injury was caused by a faulty handbrake or that he injured himself while setting it. He did not provide such explanation to the Defendant until July 19. At that point, the Plaintiff's superiors did not believe him.

The Plaintiff was diagnosed with a herniated disc. At first he received an epidural block treatment, but eventually underwent a diskectomy to remove the herniated portion of the disk. The procedure was not completely successful and he is now unable to push the foot down to the floor, a condition known as plantar flexion weakness. As a result, the Plaintiff cannot climb steps and ladders and has to use his arms to lift himself from a sitting position. He claims that, as a result of the injury, he is no longer able to work for either the Defendant or anybody else.

Throughout trial, the Defendant maintained that the handbrake never malfunctioned; that,

---

[1] The Court does not assess the credibility of the evidence but merely recites it as submitted by the parties.

if anything, the Plaintiff caused his own injury by operating the handbrake negligently, using two hands instead of one, as required by the safety manual; that his current injury was an aggravation of the 1993 back injury; and that he failed to mitigate his damages, if any.

B.    **Standard under Rule 50**

A judgment as a matter of law is granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). "[T]he standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" *Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133, 149 (2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994); *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249–50; *Doe*, 42 F.3d at 443.

C.    **The Plaintiff's Motion**

The Plaintiff argues that, as a matter of law, the Court should rule that the Plaintiff's current injury was unrelated to his 1993 back injury; that he did not operate the locomotive's

3

handbrake negligently and, thus, did not contribute to his injury; and that the Defendant failed to show that he failed to mitigate his damages. These assertions are groundless.

Taking all factual inferences in the Defendant's favor, a reasonable jury could have found that, as the Defendant argued, the Plaintiff's 1993 injury was aggravated by his change in job responsibilities. Until July 2004, the Plaintiff drove a locomotive between Garrett and Cleveland. When he began working in the Garrett train yard only, he experienced more exertion on his body which could have led to the aggravation of the 1993 back injury. The Plaintiff's doctor did not deny such possibility. In fact, he acknowledged that the Plaintiff's degenerative disk disease could have been a continuation of his back problems from 1993. Contrary to the Plaintiff's claims, there is no definite evidence that the two injuries were unrelated. The eleven-year lapse is insufficient by itself to establish a lack of correlation between the two injuries.

The Plaintiff's argument regarding contributory negligence is moot. The jury found the Defendant liable under a strict liability statute, Federal Safety Appliance Act, 49 U.S.C. § 20302(a)(1)(B), and the jury was instructed to disregard the Plaintiff's own negligence, if any, in operating the handbrake. The Court is right to presume that the jury followed its instructions and disregarded any issues related to the Plaintiff's negligence. *Harding v. Sternes*, 380 F.3d 1034, 1046 (7th Cir. 2004) ("Juries are presumed to follow all instructions given by the court.").

The Plaintiff's last argument—that the Defendant did not prove the Plaintiff's failure to mitigate damages—goes the way of the first two. He insists that the Defendant had to prove that specific jobs were available to him after the injury. According to the Plaintiff, without such evidence, the jury could only speculate whether any employment was available to him after the 2004 injury.

4

Certainly, "once it is established that a duty to mitigate is present, the burden . . . falls on the wrongdoer to show that the damages were lessened or might have been lessened by the plaintiff.'" *DeBiasio v. Ill. Cent. R.R.*, 52 F.3d 678, 688 (7th Cir. 1995) (citations omitted). The Defendant met this burden by questioning the Plaintiff's doctor, who said that after the surgery the Plaintiff was not so disabled that he could not hold any job. Moreover, the Defendant submitted evidence that the Plaintiff refused further employment with the railroad in any position. In fact, the Plaintiff himself acknowledged during trial that he no longer wanted to work for the Defendant. From this evidence, a reasonable jury could have believed that the Plaintiff willfully failed to lessen his damages by not re-enlisting for work with the Defendant or by not finding employment elsewhere.

**D.     The Defendant's Motion**

The Defendant argued that, as a matter of law, the Plaintiff failed to prove that the handbrake was defective (inefficient) and that the defect was the cause of his injury. The Defendant also brought up its failed argument from the motion for summary judgment that the locomotive was not in use at the time of the injury and, thus, was not covered by federal statutes.

The Court fully addressed the Defendant's second argument in its summary judgment order and has nothing to add. As to the first argument, the Plaintiff presented sufficient evidence from which a reasonable jury could have found that, when the Plaintiff was trying to set the handbrake, it slipped causing him injury. *See Myers v. Reading Co.*, 331 U.S. 477, 483 (1947) ("Where a jury finds that there is a violation, it will be sustained, if there is proof that the mechanism failed to work efficiently and properly even though it worked efficiently both before

5

and after the occasion in question.").

**E.    Conclusion**

For these reasons, the Court denies both parties' motions for directed verdict under Rule 50(a). Judgment is entered for the Plaintiff in the amount of $75,000.

SO ORDERED on December 18, 2006.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT