UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOHN UNDERHILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause Number: 1:05-CV-196-TS |
| ) | |
| CSX TRANSPORTATION, INC., ) | |
| a corporation, ) | |
| ) | |
| Defendant. ) | |

**OPINION**

The Plaintiff, John Underhill, sued his former employer, Defendant CSX Transportation, Inc., to recover damages allegedly caused by a work related injury. He advanced three claims under three federal statutes: Federal Employee's Liability Act, 45 U.S.C. §§ 51–60; Federal Safety Appliance Act, 49 U.S.C. § 20302(a)(1)(B); and Locomotive Safety Act, 49 U.S.C. § 20701. The case was tried before jury, who found for the Defendant on the first and third claims, and for the Plaintiff on the second claim. The jury awarded him $75,000 in damages, significantly less than what he claimed.

At the conclusion of trial, both parties unsuccessfully moved under Federal Rule of Civil Procedure 50 for a directed verdict. Among other things, the Plaintiff argued in its motion that the Defendant did not prove the Plaintiff's failure to mitigate damages. Now, the Plaintiff moves for a new trial pursuant to Rule 59.[1] The Defendant objects to the motion. The Plaintiff also moved for a hearing on the motion, but the Court finds that the issues raised can be decided on the parties' briefs.

---

[1] Although the Plaintiff's motion is named *Motion for a New Trial and to Alter or Amend Judgment*, he requests only a new trial.

**A.     Trial Evidence**

At trial, the parties presented the following evidence:[2] From January 1979 until July 2004, the Plaintiff worked for the Defendant as an engineer. Beginning in 1999, the Plaintiff drove a locomotive from Garrett to Cleveland and back. In July 2004, the Plaintiff exercised his seniority rights to work only at the Garrett facility. On July 13, the Plaintiff serviced Locomotive 1507. He separated it from another locomotive and began setting its ratchet-type handbrake. While he was setting the handbrake, it unexpectedly slipped and caused him to arch his back. He felt a twinge in his back but did not think that he was seriously injured. He continued to work throughout the remainder of the day. He also came to work the next day and, although he felt sore, he performed his job duties.

However, the following morning, he felt severe back pain and called in sick. His wife took him to a doctor. On July 16, the Plaintiff spoke with his superiors at work about his condition. He did not tell them that his injury was caused by a faulty handbrake or that he injured himself while setting it. He did not provide such explanation to the Defendant until July 19. At that point, the Plaintiff's superiors did not believe him.

The Plaintiff was diagnosed with a herniated disk. At first he received an epidural block treatment, but eventually underwent a diskectomy to remove the herniated portion of the disk. The procedure was not completely successful and he is now unable to push the foot down to the floor, a condition known as plantar flexion weakness. As a result, the Plaintiff cannot climb steps and ladders and has to use his arms to lift himself from a sitting position. He claims that, as a result of the injury, he is no longer able to work for either the Defendant or anybody else.

---

[2] The Court does not assess the credibility of the evidence but merely recites it as submitted by the parties.

Throughout trial, the Defendant maintained that the handbrake never malfunctioned; that, if anything, the Plaintiff caused his own injury by operating the handbrake negligently, using two hands instead of one, as required by the safety manual; that his current injury was an aggravation of the 1993 back injury; and that he failed to mitigate his damages, if any.

**B.     Rule 59 Standard**

Federal Rule of Civil Procedure 59 allows a trial court to grant a new trial "in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). A district court may grant a motion for a new trial where "'the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party.'" *Winger v. Winger*, 82 F.3d 140, 143 (7th Cir.1996) (quoting *McNabola v. Chi. Transit Auth.*, 10 F.3d 501, 516 (7th Cir.1993)). The decision whether to grant a motion for a new trial is committed to the sound discretion of the trial court. *Van Bumble v. Wal-Mart Stores, Inc.*, 407 F.3d 823, 827 (7th Cir. 2005).

**C.     Discussion**

The Plaintiff argues that the jury's $75,000 award of damages does not comport with the trial evidence. He insists that, that the uncontroverted trial evidence established that his economic losses exceeded at least $550,000. Accordingly, he argues that the jury's award of damages bears no rational connection to the trial evidence and is so unreasonable that a new trial is needed. The Plaintiff submits that the Jury's error stems from the fact that they were given a

3

mitigation of damages instruction, despite the Defendant's utter failure to show that he did not mitigate damages.

Although filed pursuant to Rule 59, the Plaintiff's motion is just an attempt to persuade the Court to reconsider its ruling on the mitigation issue raised in his motion for a directed verdict. Motions to reconsider require showing of new evidence, not available at the time of ruling, or a change of law. Neither is the case here.

In its previous Opinion and Order [DE 69], the Court explained why it was not unreasonable for the Jury to find that the Plaintiff's damages were $75,000, as compared to $550,000 or more. The Court need not repeat those reasons. As it was then, so it is now: the jury's verdict is consistent with the trial evidence, viewed in light most favorable to the Defendant, and the Court cannot say that, as a matter of law, the trial was not fair for the Plaintiff. Therefore, the Court finds no compelling reason for a new trial.

**D.    Order**

For these reasons and the reasons explained in the Court's previous Opinion and Order [DE 69], the Court denies the Plaintiff's Motion for a New Trial and to Alter or Amend Judgment [DE 71]. The Court also denies the Plaintiff's Motion for a Hearing [DE 75].

SO ORDERED on July 3, 2007.

　　　　　　　　　　　　　　　　　　　S/ Theresa L. Springmann　　　　　　　
　　　　　　　　　　　　　　　　THERESA L. SPRINGMANN
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT